IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02405

Deborah Laufer, an individual

    Plaintiff.

v.

2500 ARAPAHOE ST LLC, a Colorado limited liability company

    Defendant.

## DEFENDANT'S MOTION TO DISMISS AND IN THE ALTERNATIVE, DEFENDANT'S MOTION TO STAY

Defendant 2500 Arapahoe St LLC, through its attorney, Atlas Law LLC, moves for an Order dismissing Plaintiff's Complaint with prejudice due to Plaintiff's lack of standing in this matter pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

In the event the Court denies the aforementioned Motion to Dismiss, Defendant requests an order from the Court staying this matter pending Plaintiff properly filing notice with the Court identifying its related cases pursuant to Rule 3.2 of the Civil Rules for the District of Colorado.  Additionally, in the event the Court denies the aforementioned Motion to Dismiss, Defendant also requests an order from the Court staying this matter pending Plaintiff submitting briefs in each of the actions filed by Plaintiff with this Court, including this matter, explaining why each complaint filed with this Court should not be dismissed for lack of subject matter jurisdiction.

## **BACKGROUND**

The Complaint alleges that Plaintiff, a resident of Pasco County, Florida, qualifies as an individual with disabilities as defined by the ADA, and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA. Dkt. No. 1, ¶ 1-2. Prior to the commencement of this lawsuit, Plaintiff allegedly visited an online reservations system for Defendant's property known as the Curtis Park Club, located at 2500 Arapahoe St., Denver, CO 80205 (the "Property"), for the purpose of reviewing and assessing the accessible features at the Property. *Id.* ¶ 11.  Plaintiff alleges, which Defendant disputes, that Plaintiff was unable to review and assess the accessible features of the Property and ascertain whether it meets the requirements of 28 C.F.R Section 36.302(e) because Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e). *Id.* Plaintiff alleges to have suffered "frustration and humiliation as the result" of the discrimination of the online reservation system. *Id.* ¶ 14. Plaintiff alleges that Defendant has deprived her of the enjoyment of accommodations available to the general public, and that she "has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify" its online reservation system. *Id.* ¶¶ 14–15. Plaintiff alleges that Defendant has violated the ADA (Count I) and the CADA (Count II). *Id.* ¶¶  3–11. Plaintiff seeks: declaratory relief under the ADA and the CADA; injunctive relief directing Defendant to comply with 28 C.F.R. § 36.302(e); attorney's fees, costs and litigation expenses under 42 U.S.C. § 12205 and C.R.S § 24-34-802; and statutory damages pursuant to C.R.S § 24-34-802. *Id.*

## **ARGUMENT**

## MOTION TO DISMISS

### Recent Development –

### Court Held this Plaintiff Lacks Standing in a Similar Matter

On September 25, 2020, in *Laufer v. Arpan, LLC*, No. 1:19-cv-200-AW-GRJ (Sept. 25, 2020) (Winsor, J), attached hereto as <u>Exhibit A</u> (the "Arpan Matter"), the United States District Court for the Northern District of Florida held that Deborah Laufer, the Plaintiff in this action, lacked standing due to the absence of a concrete and particularized injury. *Laufer v. Arpan*, at Section 3, Pages 14-15.  In the Arpan Matter, the Plaintiff's factual allegations as recited by the Court in the attached decision are nearly identical to the allegations of the Plaintiff's Complaint in this action. *See generally Laufer v. Arpan.* In the Arpan Matter, the Plaintiff pleaded claims for violation of Title III of the Americans with Disabilities Act against a hotel operator in Plaintiff's home state of Florida. *See generally id.* Like this matter, the claims pursued by Plaintiff in the Arpan Matter also involved alleged violations of web accessibility requirements promulgated under 28 C.F.R. § 36.302(e). *Id.* The court dismissed the Complaint against Plaintiff because the Plaintiff lacked standing due to the absence of a concrete and particularized injury suffered by Plaintiff due to Defendant. *Id.* at Section 3, Pages 14-15.

### Plaintiff Lacks Standing in This Matter

Article III of the Constitution limits the court's jurisdiction to "Cases" and "Controversies." *Lujan v. Defs. of Wildlife*, 504 U.S. 555 at 559-60 (1992). Standing is essential to the case-and-controversy requirement: it is "indispensable" to every plaintiff's case. *Id.* at 561. If a plaintiff lacks standing, the court lacks subject matter

jurisdiction. *Id.* No justiciable issue is present where the plaintiff lacks standing. *Flast v. Cohen*, 392 U.S. 83, 95 (1968).

To establish standing a plaintiff must demonstrate (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) "a causal connection between the injury and the conduct complaint of," and (3) redressability of the injury by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–65 (1992). Where "a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560 n.1). To be "concrete" an injury "must actually exist": the injury must be "real" and not "abstract." *Id.*

In *Spokeo*, the Supreme Court considered whether a technical violation of a statute constituted a real injury for standing purposes. 136 S. Ct. 1540, 1550 (2016). The plaintiff in *Spokeo* sued under the Fair Credit Reporting Act, claiming a report featured false information about him. *Id.* at 1546. The plaintiff in *Spokeo* alleged no harm from the false report, only that the defendant violated the Act. *Id.* The court concluded that Article III requires more than a "bare procedural violation." *Id.* at 1550. The court reasoned that while Congress can elevate an intangible harm to create a statutory right, violation of that right will not confer standing if it is "divorced from any concrete harm." *Id.* at 1549-50 (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009), and *Lujan*, 504 U.S. at 572); see also *id*. at 1547-48 ("Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who

4

would not otherwise have standing." (quoting *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997))); *Nicklaw v. CitiMortgage, Inc.*, 855 F.3d 1265, 1268 (11th Cir. 2017) (Pryor, J., respecting denial of rehearing en banc) ("[T]he violation of a legal right alone does not satisfy the concrete injury requirement.").  As applied in *Spokeo*, the court recognized that even if the defendant violated the statute by reporting incorrect information, that violation did not necessarily "cause harm or present any material risk of harm." 136 S. Ct. at 1550; see also *Thole v. U. S. Bank N.A.*, 140 S. Ct. 1615, 1620-22 (2020) (holding that the "plaintiffs have no concrete stake in this dispute and therefore lack Article III standing" when "[w]inning or losing this suit would not change the plaintiffs' monthly pension benefits.").

      Other ADA cases support the notion that without a concrete stake in the dispute, plaintiffs lack Article III standing. For example, in *Griffin v. Department of Labor Federal Credit Union*, a blind plaintiff sued under Title III of the ADA, claiming a credit union's website was not accessible. 912 F.3d 649, 652 (4th Cir. 2019). In *Griffin*, the plaintiff alleged the ADA required the website to be compatible with his screen-reading software and that because it was not, his efforts to access the website were stymied. *Id*. Citing *Spokeo*, the Fourth Circuit found the claimed injury neither concrete nor particularized. *Id.* at 654-56.  The plaintiff in *Griffin* was ineligible for membership in the credit union, and the court concluded that no real injury flowed from his missing out on information that would never benefit him. *Id.* at 654. The court held that the "[i]nability to obtain information is sufficiently concrete to constitute injury in fact only when the information has some relevance to the litigant." Id. (citing *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 21 (1998)). In *Griffin*, the plaintiff's ineligibility "close[d] the door of the Credit Union

to Griffin whether or not he obtains the information he seeks." *Id.* at 654. The court in *Griffin* also found the claimed injury was not particularized because the website treated the plaintiff the same as everyone else. *Id.* at 654-55. An intent to visit a physical location may supply a sufficient "particularizing connection" between a website and that location, but without that intent, there was nothing to differentiate the plaintiff from any member of the general public. *Id.* at 655. The court equated the legal barriers that precluded the plaintiff from joining the credit union to the geographic barriers that prevent a person from being injured by a faraway inaccessible location they never intend to visit. *Id.* at 656 (citing *Houston*, 733 F.3d at 1334, 1336).

In a similar ADA case, a different court supports the notion that without a concrete stake in the dispute, plaintiffs lack Article III standing. In *Hernandez v. Caesars License Co., LLC*, the court held that defendant's alleged non-disclosure of accessibility information could conceivably harm a person with disabilities, provided that person was actually looking for a place to visit at or near the defendant's property. CV1906090RBKKMW, 2019 WL 4894501, at *3 (D.N.J. Oct. 4, 2019). However, the court determined that the plaintiff in that case was not such a person because the plaintiff's only interest in visiting the website listing defendant's property was to determine if it complied with the ADA. *Id.* Thus, the court ruled that because the plaintiff could not show harm stemming from Defendant's non-disclosure, he could not show concrete injury thereby failing to establish standing in the matter. *Id.*

As determined by the courts in *Spokeo, Thole, Griffin*, and *Hernandez,* to establish standing, plaintiffs must have a concrete stake in the dispute; an alleged bare procedural violation is insufficient for a plaintiff to establish standing. As with the

6

plaintiffs in *Spokeo, Thole, Griffin*, and *Hernandez*, the Plaintiff here has no concrete stake in this matter. There are no facts in the Complaint indicating that Plaintiff has ever traveled from her home state in Florida to Denver, Colorado, or anywhere in Colorado, or that she has any reason to travel anywhere in Colorado or any reason to seek lodging anywhere in Denver or Colorado. Nowhere in Plaintiff's Complaint does she allege or assert her intention to visit or stay at Defendant's Property. Indeed, by her own admission, Plaintiff visited the online reservation system for the *sole purpose* of reviewing and assessing the accessible features at the Property and ascertaining whether the Property met the requirements of ADA and CADA. Dkt. No. 1, ¶ 11.

An intent to visit a physical location may supply a sufficient "particularizing connection" between a website and that location, which may establish standing, as held by the *Griffin* court. But here, Plaintiff's Complaint offers no proof of her intention to visit the Defendant's Property. She only viewed an online reservation system featuring the Defendant's Property. Without an intention to visit the Defendant's Property, there is no particularizing connection (and thus no particularized injury to Plaintiff) between the online reservation system and Plaintiff's Property. Without a particularizing connection between the online reservation system and Defendant's Property, the Plaintiff cannot be injured by a property she never intends to visit. As Plaintiff only viewed the online reservation system featuring the Defendant's Property without any intention to visit Defendant's Property, she cannot demonstrate an injury in fact necessary to establish standing in this matter.

Plaintiff has commenced approximately 300 cases in federal district courts in 2019 and 2020 alone against parties in the states of New York, Georgia, Florida, and

7

Connecticut for alleged violations of the Americans with Disabilities Act. Within the last six to eight weeks, Plaintiff has commenced an additional seventeen cases with the Federal District Court for Colorado, including this matter. As previously stated in *Laufer v. Arpan, LLC*, No. 1:19-cv-200-AW-GRJ (Sept. 25, 2020), the United States District Court for the Northern District of Florida, *in Plaintiff's home state*, ruled that Plaintiff failed to establish standing in the claim against the defendant because there was no indication that Plaintiff had any intention of visiting that defendant's property. Plaintiff continues to file the same or extremely similarly drafted complaints often against small hotels, motels, and other placed of lodging in order to obtain quick monetary settlements. Such a dizzying array of lawsuits, which have continued unabated and are now appearing in Colorado, is especially troubling during the COVID-19 pandemic, as most if not all of the defendants were essentially closed for business over the last several months due to various state stay-at-home orders. Indeed, Plaintiff has preyed on vulnerable businesses, including Defendant's Property, to its detriment and her financial gain.

In order to establish standing, Deborah Laufer must have suffered an injury in fact which is concrete and particularized actual or imminent, not conjecture or hypothetical; there must be a causal connection between the injury and the conduct complained of and it must be likely a decision in her favor will redress her alleged harm. Because Plaintiffs did not demonstrate that she suffered or was likely to suffer an injury in fact by Defendant, she fails to meet Article III standing requirements. Without standing, the Court lacks subject-matter jurisdiction. Without jurisdiction, the court must grant Defendants' 12(b)(1) Motion and dismiss this case.

For the reasons set forth above, the Defendant, 2500 Arapahoe St LLC, respectfully requests this Court to dismiss Plaintiff, Deborah Laufer's Complaint with prejudice.

## MOTION TO STAY

In the event Defendant's Motion to Dismiss is denied, Defendant requests an order from the Court staying this matter pending Plaintiff properly files notice with the Court identifying its Related Cases pursuant to Rule 3.2 of the Civil Rules for the District of Colorado.  In the event Defendant's Motion to Dismiss is denied, Defendant also requests an order from the Court staying this matter pending Plaintiff submitting briefs in each of the actions filed by Plaintiff with this Court, including this matter, explaining why each complaint filed with this Court should not be dismissed for lack of subject matter jurisdiction.

On August 13, 2020, Plaintiff, through her attorney, filed Plaintiff's Notice of Pendency of Other Actions. *See* Dkt. No. 4. Plaintiff's attorney certified that this action is not related to any pending or closed civil action previously filed in this Court, or any other Federal or State Court, or administrative agency. *See Id.* at page 1*.* As previously stated, Plaintiff has filed hundreds of similar, if not identical, cases in various federal courts across the country, including several similar, if not identical, cases in this Court. Given Plaintiff's failure to file proper notice with the Court identifying related cases pursuant to Rule 3.2 of the Civil Rules for the District of Colorado, Defendant requests an order from the Court staying this matter pending Plaintiff properly filing notice with the court and pending a decision from the judicial officers of this Court to determine

9

whether the related cases should be submitted for special assignment or reassignment under D.C.COLO.LCivR40.1(a) or transfer under D.C.COLO.LCivR 40.1(d)(4)(B).

Additionally, in the event the Court denies Defendant's Motion to Dismiss, Defendant requests an order from the Court staying this matter pending Plaintiff submitting briefs in each of the actions she filed with this Court, including this matter, explaining why each complaint filed with this Court should not be dismissed for lack of subject matter jurisdiction. Defendant requests that Plaintiff submit briefs for each of the actions she filed with this Court, including this matter, within 30 days of the Court's Order.  Such request is not without precedent. On May 7, 2020, in *Laufer v. 1110 Western Albany, LLC and Ryan L.L.C.,* 1:19-cv-01324-BKS-ML (May 7, 2020, attached hereto as <u>Exhibit B</u> (the "Western Albany Matter"), the United States District Court for the Northern District of New York noted that because Deborah Laufer, the Plaintiff in this action, has 29 nearly identical cases pending against different defendants in the Northern District of New York, there was a serious question as to whether Plaintiff has established standing in any of the 30 cases filed with that court. Thus, the court ordered that before taking any further action in this, or any other of Plaintiff's cases, the court required Plaintiff to submit a brief in each of the 29 actions attached to the court's order. As in the Western Albany Matter, Defendant requests this Court similarly stay this matter pending Plaintiff submitting briefs in each of the actions she filed with this Court, including this matter, explaining why each complaint filed with this Court should not be dismissed for lack of subject matter jurisdiction.

## **CONCLUSION**

WHEREFORE, Defendant 2500 Arapahoe St, LLC, respectfully requests this Court to dismiss Plaintiff, Deborah Laufer's Complaint with prejudice. In the event the Court denies Defendant's Motion to Dismiss, Defendant 2500 Arapahoe St, LLC, respectfully requests this Court to stay this matter pending Plaintiff properly filing notice with the Court identifying its related cases pursuant to Rule 3.2 of the Civil Rules for the District of Colorado.  Additionally, in the event the Court denies Defendant's Motion to Dismiss, Defendant also requests an order from the Court staying this matter pending Plaintiff submitting briefs in each of the actions filed by Plaintiff with this Court, including this matter, explaining why each complaint filed with this Court should not be dismissed for lack of subject matter jurisdiction, and for all other and further relief as this Court deems just and appropriate.

Dated at Denver, Colorado, this 2nd day of October, 2020.

                                          Respectfully submitted,

                                          s/ Steven Gilman
                                          **Steven Gilman, Esq.**
                                          Atlas Law LLC
                                          PO Box 3077
                                          Denver, Colorado 80201
                                          Phone: (303) 619-7276
                                          E-mail: steve@atlaslaw5280.com
                                          Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

   S.Moore@SMooreLaw.com
   Eservice@SMooreLaw.com

   s/ Steven Gilman
   ***Steven Gilman, Esq.***
   Atlas Law LLC
   PO Box 3077
   Denver, Colorado 80201
   Phone: (303) 619-7276
   E-mail: steve@atlaslaw5280.com
   Attorney for Defendant