IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02405

Deborah Laufer, an individual

    Plaintiff.

v.

2500 ARAPAHOE ST LLC, a Colorado limited liability company

    Defendant.

---

**DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

---

Defendant 2500 Arapahoe St LLC, through its attorney, Atlas Law LLC, hereby files its Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, and states as follows:

**A. DEFENDANT'S MOTION TO DISMISS IS PURSUANT TO 12(b)(1) AND NOT PURSUANT TO 12(b)(6)**

In its Motion to Dismiss, Defendant solely moves for dismissal of Plaintiff's Complaint under F.R.C.P. 12(b)(1) due to Plaintiff's lack of standing to invoke federal jurisdiction in this matter. Plaintiff contends that a court "must convert a Rule 12(b)(1) motion to one under Rule 12(b)(6), or for Rule [56] summary judgment, 'if the jurisdictional question is intertwined with the merits of the case.' *Franklin v. Sav. Corp. v. United States*, 180 F.3d 1124, 1129 (10th Cir. 1999)... *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003)(Hartz, J.).." Dkt. No. 10, pages 2-3**.** However, the defendants in both *Franklin* and *Davis*, each moved to dismiss the

Plaintiffs' claims under both F.R.C.P. Rule 12(b)(1) and F.R.C.P. Rule 12(b)(6). *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1129 (10th Cir. 1999) and *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296, 1295 (10th Cir. 2003). Here, Defendant solely moves to dismiss Plaintiff's Complaint under F.R.C.P. Rule 12(b)(1).

Moreover, Plaintiff's reliance on *Wheeler v. Hurdman*, requiring that a court must convert a Rule 12(b)(1) motion to one under Rule 12(b)(6) or for [Rule 56] summary judgment, is misconstrued. In *Wheeler*, both parties submitted material beyond the pleadings, including affidavits submitted by both parties, in support of or opposing a motion to dismiss. *Wheeler v. Hurdman*, 825 F.2d 260, 257 (10th Cir. 1987). Here, Defendant, as required by F.R.C.P. 12(b), filed its 12(b)(1) Motion to Dismiss prior to filing any responsive pleading with the Court and has not filed any affidavits related to its Motion to Dismiss. Moreover, unlike the defendant's motion in *Wheeler*, Defendant's Motion to Dismiss is explicitly identified as a Rule 12(b)(1) Motion and makes no reference of a 12(b)(6) motion. Dkt. No. 15, pages 1 and 8. If a complaint could be dismissed either under Rule 12(b)(1) or for failure to state a claim, "the court should dismiss only the jurisdictional ground under [Rule] 12(b)(1)," without reaching the 12(b)(6) question. *Crenshaw-Logal v. City of Abilene, Texas*, 436 Fed.Appx. 306, 308 (5th Cir. 2011) (*quoting Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). The court must decide standing based on the facts at the time the suit is filed; thus the plaintiff's effort to bolster standing after that time cannot help him. *4 All, Inc. v. Wintergreen Commercial P'ship, Ltd.*, No. 3:05-CV-1307, 2005 WL 2989307, at *3 (N.D. Tex. Nov. 7, 2005).

Because Defendant's Motion to Dismiss was filed under Rule 12(b)(1), Plaintiff's Affidavit submitted with Plaintiff's Memorandum In Opposition to Defendant's Motion To Dismiss should be excluded by the Court, and Defendant's Motion To Dismiss should not be treated as one for summary judgment under Rule 56. Defendant requests that this Court dismiss Plaintiff's Complaint on jurisdictional ground pursuant to F.R.C.P. 12(b)(1) without reaching the 12(b)(6) question. As requested in its Motion to Dismiss, in the event Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) is denied, Defendant requests an order from the Court staying this matter pending Plaintiff properly filing notice with the Court identifying its related cases pursuant to Rule 3.2 of the Civil Rules for the District of Colorado. Additionally, in the event Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) is denied, Defendant also requests an order from the Court staying this matter pending Plaintiff submitting briefs in each of the actions filed by Plaintiff with this Court, including this matter, explaining why each complaint filed with this Court should not be dismissed for lack of subject matter jurisdiction.

**B.     PLAINTIFF'S ALLEGED INJURY (VIEWING AN ONLINE RESERVATION SYSTEM FEATURING DEFENDANT'S PROPERTY) IS NEITHER A CONCRETE NOR PARTICULARIZED INJURY**

Additional jurisdictions support Defendant's notion that Plaintiff failed to establish standing in this matter. A plaintiff cannot establish standing by alleging discrimination "upon visiting a hotel's website [she] does not intend to visit." *Laufer v. Mann Hospitality, LLC*, 2020 WL 6018945, at *4 (W.D. Tex. Sept. 30, 2020). (*citing Rizzi v. Hilton Domestic Operating Co., Inc.*, 2019 WL 5874327 (E.D.N.Y. July 18, 2019). Intent to return to (or visit for the first time) the place of injury "some day…without any description of concrete plans" is insufficient. *Leo Combat, LLC v. United States Dep't of State*, 2016

WL 6436653, at *7 (D. Colo. Aug. 29, 2016) (dismissing case for lack of standing in part because plaintiff did not "allege sufficient facts for this court to conclude that its plans are concrete, rather than aspirational."); *see also Lujan*, 504 U.S. at 564 (finding intent to visit the place of alleged injury "some day" is insufficient for standing purposes.).

In *Laufer v. Mann Hospitality, LLC*, the plaintiff, Deborah Laufer (the same plaintiff as in this case), filed a lawsuit against Mann Hospitality, LLC alleging violations related to the Title III of the ADA for the purported reason that websites containing information about defendant's hotel were not in compliance with the ADA. *Id.* The United States District Court for the Western District of Texas found Ms. Laufer had no standing to bring suit because she failed to demonstrate an "actual or imminent" injury that is not merely "conjectural or hypothetical," or that she had "concrete plans" to patronize the business the future. *Id.* Similar to *Laufer*, the Plaintiff Laufer in this matter did not allege she is affected in any personal or individual way by allegedly visiting websites identified by her in this action, nor did she provide any allegations to suggest she routinely visits Denver, Colorado, or has any relationship with Defendant's Property. Because Plaintiff's Complaint contains no allegations to support an actual injury-in-fact, Plaintiff does not have standing to bring the present suit, and her Complaint should be dismissed.

Finding standing where a plaintiff "ha[d] a pattern of suing randomly selected business with which [he] had little or no prior relationship, and no plans of creating one in the future ... would be to stretch the notion of standing past the breaking point." *Deutsch v. Abijaoude*, 2017 WL 913813, at *5. The Plaintiff in this matter cannot meet the four factors courts consider when determining if a Plaintiff is likely to return to an

area alleged to be in violation of ADA Title III: a. "(1) the proximity of the defendant's business to the plaintiff's residence, (2) the plaintiff's past patronage of the defendant's business, (3) the definiteness of the plaintiff's plans to return, and (4) the plaintiff's frequency of travel near the defendant." *Laufer v. Mann Hospitality, LLC*, 2020 WL 6018945, at *4. Plaintiff's assertion that being a customer is not required to allege an ADA violation, and that the Supreme Court has held, generally, that it is possible to sue over informational violations created by statute—do not overcome decades of federal law requiring a concrete and particularized injury to establish standing. *Id.* Nor does Plaintiff's attempt to stitch together an alternative understanding of "injury-in-fact" overcome the requirement to establish a concrete or particularized threat of future injury by demonstrating likelihood of returning to an area (as evidenced by Plaintiff's Affidavit in Plaintiff's Memorandum In Opposition to Defendant's Motion To Dismiss). *Id.* at 4. The Court must judge likelihood of return at the time suit was filed, and post-suit attempts to bolster standing cannot help. *Id.* at *3 (citing *Access 4 All*, 2005 WL 2989307, at *3).

Here, Plaintiff lives over 1,500 miles from Defendants' Property; she does not claim or provide any evidence to show she ever visited Defendants' Property or Denver Colorado, or plans to do so in the future; and she does not appear to have ever visited Denver, Colorado. The belief that she would visit Defendant's Property becomes even less concrete, and exponentially more theoretical, based on her lawsuits filed against 17 different Colorado hotels and approximately 275 establishments nationwide – it defies logic and reason that she actually intended to visit all of these establishments over the past 18 months. (*See* Exhibit A).

5

**C. DEFENDANT'S ALTERNATIVE MOTION TO STAY SHOULD NOT BE DENIED**

The Court's Local Civil Rules require Plaintiffs to provide "notice identifying all cases pending in this or any other federal, state, or foreign jurisdiction that are related to the case." (D.C.COLO.LCivR 3.2(a).) "Related cases" are those having "common facts and claims" and either "(1) have at least one party in common" or "(2) are filed serially or collectively as a group by the same attorney or law firm." *Id.* Each of Plaintiffs' Complaints are "related" under the meaning of Local Rule 3.2 because they have common facts, common claims, and the Plaintiff in common. They are also all filed in each Federal District Plaintiff targeted "serially or collectively as a group by the same attorney or law firm." For example, Plaintiff filed 16 related cases in this District over the course of approximately four weeks and 275 cases nationwide. (*See* Exhibit A.) Plaintiff incorrectly states that Defendant requests that all of Plaintiff's 17 cases in Colorado be consolidated. Dkt. No. 20, page 28. Plaintiff also incorrectly states that Defendant cited the case *Laxmi* regarding the standing issues in this case and the other several hundred cases filed by Plaintiff throughout the country. Dkt. No. 20, page 29. This is additional evidence that Plaintiff's hundreds of Complaints filed throughout the country are "boilerplate filings" and therefore all "related cases" as Local Rule 3.2 contemplates.

As Plaintiff indicated, cases previously cited by the Defendant related to its Alternative Motion have languished for many months without resolution. Dkt. No. 20, page 29. Presumably, those courts are attempting to determine whether Laufer does indeed have standing in those matters. In the event the Court denied Defendant's Motion to Dismiss pursuant to Rule 12(b)(1), given Plaintiff's failure to file proper notice with the Court identifying related cases pursuant to Rule 3.2 of the Civil Rules for the

District of Colorado, Defendant requests an order from the Court staying this matter pending Plaintiff properly filing notice with the court and pending a decision from the judicial officers of this Court to determine whether the related cases should be submitted for special assignment or reassignment under D.C.COLO.LCivR40.1(a) or transfer under D.C.COLO.LCivR 40.1(d)(4)(B). Additionally, in the event the Court denies Defendant's Motion to Dismiss pursuant to Rule 12(b)(1), Defendant requests an order from the Court staying this matter pending Plaintiff submitting briefs in each of the actions she filed with this Court, including this matter, explaining why each complaint filed with this Court should not be dismissed for lack of subject matter jurisdiction.

## **CONCLUSION**

WHEREFORE, Defendant 2500 Arapahoe St, LLC, respectfully requests this Court to dismiss Plaintiff, Deborah Laufer's Complaint with prejudice pursuant to Rule 12(b)(1). In the event the Court denies Defendant's Motion to Dismiss pursuant to Rule 12(b)(1), Defendant 2500 Arapahoe St, LLC, respectfully requests this Court to stay this matter pending Plaintiff properly filing notice with the Court identifying its related cases pursuant to Rule 3.2 of the Civil Rules for the District of Colorado. Additionally, in the event the Court denies Defendant's Motion to Dismiss pursuant to Rule 12(b)(1), Defendant also requests an order from the Court staying this matter pending Plaintiff submitting briefs in each of the actions filed by Plaintiff with this Court, including this matter, explaining why each complaint filed with this Court should not be dismissed for lack of subject matter jurisdiction, and for all other and further relief as this Court deems just and appropriate.

Dated at Denver, Colorado, this 3rd day of November, 2020.

Respectfully submitted,

s/ Steven Gilman
**Steven Gilman, Esq.**
Atlas Law LLC
PO Box 3077
Denver, Colorado 80201
Phone: (303) 619-7276
E-mail: steve@atlaslaw5280.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of November, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

   S.Moore@SMooreLaw.com
   Eservice@SMooreLaw.com

                                         s/ Steven Gilman
                                         ***Steven Gilman, Esq.***
                                         Atlas Law LLC
                                         PO Box 3077
                                         Denver, Colorado 80201
                                         Phone: (303) 619-7276
                                         E-mail: steve@atlaslaw5280.com
                                         Attorney for Defendant