**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-2405-KLM

Deborah Laufer,
  Plaintiff,
v.

2500 ARAPAHOE ST LLC,
  Defendant(s).

---

**PLAINTIFF'S SURREPLY MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

---

### I. The Applicable Standard

Defendant attempts to muddle the issue of Fed. R. Civ. P. 12(b)(1), 12(b)(6) and summary judgment. First, Defendant claims that the standard of 12(b)(6) should not be applied because its motion is pursuant to 12(b)(1). Then the Defendant disingenuously argues that Plaintiff's affidavit should not be considered because it did not raise any issues outside the face of the pleadings, yet Defendant also submits evidence and raises the issue of Plaintiff's other litigation - an issue outside the pleadings. Quite simply, where the jurisdictional challenge is intertwined with the merits of the case, the standards of 12(b)(6) and Rule 56 govern. That means a court cannot make a credibility determination, but must take the allegations as true, take any affidavits by the non-movant as true, and must interpret any inferences in the plaintiff's favor. Thus, the standards of 12(b)(6) and 56 govern. *Franklin v. Sav. Corp. v. United States*, 180 F.3d 1124,

1

1129 (10th Cir. 1999); *Bell v. United States*, 127 F.3d 1226, 1228 (10th Cir. 1997); *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987); *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003); *Sizova v. Nat'l Inst. of Standards & Tech*., 282 F.3d 1320, 1324 (10th Cir. 2002); *Mobley v. McDormick*, 40 F.3d 337, 340 (10th Cir. 1994); *Begay v. Unites States*, 188 F.Supp.3d 1047, 1073-74 (D. N.M. 2016); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986); *Hunt v. Cromartie*, 526 U.S. 541, 550-55 (1999). Indeed, the submission and consideration of Plaintiff's affidavit is entirely appropriate. *Minor v. Gunga*, 2016 U.S. Dist. Lexis 191688, *4-5 (D.Colo. 2016), citing *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000); *Holt v. Unites States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Because Defendant raises a facial challenge, the allegations of the complaint must be taken as true. Because the Defendant also raises a factual challenge by going outside the face of the pleadings, the submission of Plaintiff's affidavit is appropriate, and this Court must take as true the Plaintiff's plans to visit her family in Colorado and travel throughout the State.

**II. Defendant's References To Mann And Rizzi Are Unavailing**

Defendant's reliance on *Laufer v. Mann Hospitality, LLC*, 1:20-cv-620-JRN, DE 15 (W.D. Tex. 9/30/20), is unavailing because the *Mann* decision is fundamentally flawed in every respect. *Mann* was appealed to the United States Court Of Appeals For the Fifth Circuit, no 20–50858, and Plaintiff is confident that the *Mann* decision will be reversed.

Although the *Mann* decision is 10 pages long, it dedicates only a small portion of its opinion to the basis of its holding. Much of the opinion is dedicated to the standards under Fed. R. Civ. P. 12 and restating and describing the arguments of the plaintiff and defendant. Indeed, its actual rationale and holding does not begin until p. 8, where it states that Plaintiff lives too far away from Defendant's physical hotel and does not provide any evidence suggesting any future plans to visit that hotel or the area surrounding the hotel, or that it did not believe she would visit the area.

First, when it held that the Plaintiff had presented no evidence, it apparently overlooked her affidavit indicating her intent to travel to Texas. In the alternative, it made an improper credibility determination in violation of the standards governing Fed. R. 12(b)(1), 12(b)(6) and 56. Where issues of fact are central to both subject matter jurisdiction and a claim on the merits, a district court must assume jurisdiction and proceed to the merits. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149-50 (5th Cir. 2004). "In circumstances where 'the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case' under either Rule 12(b)(6) or Rule 56." *Id*., quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981).

The *Mann* Court ignored these standards.

Second, the *Mann* Court completely ignored the rules of statutory construction, the plain and unambiguous language of the statute and regulation, applicable Supreme Court precedent (including *Spokeo*, *Havens Realty*, *Akins*), the slew of decisions by Circuit Courts around the country recognizing informational injury, the slew of decisions within the Fifth Circuit recognizing informational injury, and the overwhelming weight of authority recognizing online reservation system injury. Despite these authorities being cited in Plaintiff's brief, the *Mann* Court's opinion does not reflect that the Court ever read or considered them. Indeed, *Mann*'s analysis is completely at odds with these authorities with no explanation or analysis as to why it departed from or declined to follow them.

For the reasons cited in Plaintiff's briefing previously filed in this case, Plaintiff has a cause of action and suffered injury in fact when she was deprived the *information* Defendant's hotel was legally obligated to provide her. Under ample precedent, nothing additional is required and a court cannot judicially insert any additional requirements or language into the statute. The *Mann* Court violated this principle by adding its own requirement and essentially re-wrote the statute to suit its preferences.

Second, this Court cannot, as did *Mann*, make a credibility determination. With respect to its point that Plaintiff lives too far away from the hotel, the *Mann* court relied entirely on cases involving *physical property violations*, where the plaintiff had encountered discrimination *at the physical property* and would only encounter it again by revisiting *the physical property*. In this respect, the *Mann*

Court demonstrated a complete misunderstanding of the nature and locus of an injury involving online reservation or website discrimination and also overlooked that the entire nature and purpose of hotels is to serve customers traveling from afar. See, e.g. *Camacho v. Vanderbilt Univ.*, 2019 U.S. Dist. Lexis 209202, *30 (S.D.N.Y. 2019)(cases involving physical property discrimination are inapposite to website cases); *Parks v. Richard*, 2020 U.S. Dist. Lexis 86790 *6 (M.D. Fla. 2020)(distance factor irrelevant because hotels cater to travelers from afar).

The only website case cited by the *Mann* Court was *Rizzi v. Hilton Domestic Operating Co., Inc.*, No. CV 18-1127, 2019 WL 5874327 (E.D.N.Y. July 18, 2019), which it cited as standing for the point that a plaintiff did not have standing for website discrimination where he did not intend to visit the hotel. That is not what the *Rizzi* decision stood for. In *Rizzi*, the plaintiff sued for online reservation discrimination, but none of the websites he identified had anything to do with reservations. It did not stand for the proposition described by the *Mann* Court.

Indeed, another court recently rejected the argument that Laufer needed to have an intent to travel to the area of the hotel and opined that she had a complete cause of action for injury she suffered simply by virtue of encountering a discriminatory online reservations system. See *Laufer v. U.L.S.T., LLC dba Waterfront Hotel & Marina*, 2020 U.S. Dist. LEXIS 206417 (N.D.Ill. 11/4/20).

### III. Defendant's Criticism Of Plaintiff's Other Lawsuits Is Unwarranted

5

In addition to the cases cited in Plaintiff's earlier brief, many other courts have recognized that the ADA and other such laws depend heavily on plaintiffs like Laufer to serve as private attorneys general. In *Betancourt v. Ingram Park Mall, LP*, 735 F.Supp.2d 587, 596-97 (W.D. Tex. 2010), one court cited Supreme and circuit court opinions in noting that Title III of the ADA is similar to other civil rights laws and that enforcement by an individual is private in form only, but such an individual vindicates an important public policy that Congress considered of the highest priority. In *Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 307 (1st Cir. 2003), the First Circuit noted that Congress had this intention in mind when it drafted the ADA because "Congress evinced its understanding 'that enforcement would prove difficult and that the Nation would have to rely in part upon private litigation as a means of securing broad compliance.'"

The Tenth Circuit has *twice* recognized the standing of testers in the ADA. *Colo. Cross-Disability Coalition v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211 (10th Cir. 2014); *Tandy v. City of Wichita*, 380 F3d 1277, 1285-90 (10th Cir. 2004).

Moreover, arguments about serial litigants or challenging civil rights plaintiff's other litigation history is strongly disfavored. See *Antoninetti v. Chipotle Mexican Grill, Inc.*, 614 F.3d 971 (9th Cir. 2010)(holding that a disabled plaintiff's history of prior litigation cannot be considered against him); *Hensley v. Eckerhart*, 461 U.S. 424, 445 (1983) ("All of these civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important

Congressional policies which these laws contain."); *Bruce v. City of Gainesville*, 177 F.3d 949, 952 (11th Cir. 1999); *Mallory v. Harkness*, 923 F.Supp 1546, 1551 (S.D. Fla. 1996) ("Congress intended § 1988 to prompt plaintiffs to act as citizen enforcers or private attorneys general advancing our nation civil rights objectives and vindicating the liberty of all citizens.").  "Civil rights law depends heavily on private enforcement. Moreover, the inclusion of penalties and damages is the driving force that facilitates voluntary compliance with the ADA."  *Parr v. L & L Drive-Inn Property*, 96 F.Supp.2d 1065, 1082 (D. Hawaii 2000); *Wilson v. Pier I Imports*, 411 F. Supp.2d 1196, 1199 (E.D. Ca. 2006).  One court in the Middle District of Florida stated: "[t]he long and short of this conclusion is that businesses do not regularly comply with the ADA."  *A. Joseph Raetano v. Kally K's Inc*., No. 808-cv-02104-T-17-TGW, 2009 WL 651808, at *7 (M.D. Fla. 2009).  In the instant matter, "Defendant's station is wholly due to non-compliance with the statute." *Id*.  It is Defendant, not Plaintiff, who is to blame for the instant lawsuit, because its facilities are badly non-compliant.  See also *Wilson v. Pier I Imports*, 411 F. Supp.2d 1196, 1199 (E.D. Ca. 2006)(defendant's conduct must be "blameless" before it can express "righteous indignation").  In *Gordon v. Virtumundo, Inc*., 575 F.3d 1040, 1069 (9th Cir. 2008)(J. Gould, Concurring), it was stated:

> Similarly, we accord standing to individuals who sue defendants that fail to provide access to the disabled in public accommodation as required by the Americans with Disabilities Act ("ADA"), even if we suspect that such plaintiffs are hunting for violations just to file lawsuits. See *Molski v. Evergreen Dynasty Corp*., 500 F.3d 1047, 1061-62 (9th Cir 2007)("For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation

advancing the time when public accommodations will be compliant with the ADA.").

It has been expressly recognized that such private attorney general provisions result in "frequent litigators," and

> As a result, most ADA suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled. For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA.

*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007); *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008).

## IV.   Defendant Has No Basis To Interfere With Other Cases

Defendant and its counsel argue in favor of consolidation, of the requirement that Plaintiff submit briefs in other cases, and that this case be stayed pending that outcome. First, Defendant has no basis to argue what should be done in other cases or to interfere with them in any way, and cites no authority therefor. Second, Defendant also continues to fail to cite any case law supporting its argument in favor of consolidation or designation as related cases. Nor does Defendant provide anything other than generalized comments.

Every hotel's website is different. The issue in each case is whether the online reservations systems of each hotel accurately describes the accessible rooms and accessible features in each hotel.  Not even the law is uniform, because much depends on when the hotel was constructed, whether it is subject to the requirements of the 1991 ADA Standards, the 2010 ADA Standards, or the

barrier removal requirement of pre-existing facilities pursuant to 42 U.S.C. Section 12182(b)(2)(A)(iv).  For example, in *In Re Starbucks Corp., Access for Individuals with Disabilities*, 326 F.Supp.3d 1370 (MDL 2018), consolidation was rejected by the Multidistrict Litigation Panel even though the cases at issue involved the same plaintiff, the same defendant and there were common violations in the multiple stores. The Panel reasoned that:

> [E]ach action involves a different Starbucks (in one case, two Starbucks are involved), and the unique circumstances in existence at that Starbucks at the time of plaintiff's visits. Even the alleged barriers are not the same from action to action. Although in all 21 actions, one specific alleged barrier concerns the absence of a lowered, 36-inch portion of the transaction counter available for use by wheelchair users, several of the actions involve additional alleged barriers, such as an inaccessible parking space or non-ADA compliant door hardware. Starbucks does not point to any common policies or procedures at issue, and it does not suggest that there will be any common witnesses other than plaintiff himself.

As such, Defendant's argument regarding related cases and consolidation are unsupported and baseless.

## Conclusion

For the reasons set forth herein, and in Plaintiff's Response in Opposition (#20), Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss.

*/s/Suzette M. Marteny Moore*
**Suzette M. Marteny Moore**
Of Counsel, Thomas Bacon PA
2690 S. Combee Road
Lakeland, Florida 33803
(863) 229-2140 (T)
(863) 808-0586 (F)

S.Moore@SMooreLaw.com
Eservice@SMooreLaw.com
*Attorneys for Plaintif*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's electronic filing system upon all parties of record this November 23, 2020.

*/s/Suzette M. Marteny Moore*
**Suzette M. Marteny Moore**