IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02405-KLM

Deborah Laufer, an individual

    Plaintiff.

v.

2500 ARAPAHOE ST LLC, a Colorado limited liability company

    Defendant.

---

## DEFENDANT'S MOTION TO STAY SCHEDULING ORDER DEADLINES

---

Defendant hereby moves the Court to stay the deadlines contained in the December 15, 2020, Scheduling Order for 90 days to allow the Court to rule on Defendant's pending Motion to Dismiss. Defendant has attempted to confer with Plaintiff regarding the relief requested herein.

1. On August 12, 2020, Plaintiff filed her Complaint alleging two causes of action against the Defendant, including claims under Title III of the Americans with Disabilities Act and the Colorado Anti-Discrimination Act. (Dkt. # 1.)

2. Since July 2020, Plaintiff has filed approximately thirty-seven (37) nearly identical Complaints in this District against defendants having places of lodging across Colorado. (*See* Plaintiff Deborah Laufer cases filed in this District.)

3. In 2019 and 2020, Plaintiff has filed several hundred nearly identical cases in federal district courts throughout the country. (Dkt. #21-1.)

4. Plaintiff's argument in each of her lawsuits is that a defendant's online reservation system allegedly violates provisions of the Americans with Disabilities Act because the aforementioned online reservation system allegedly lacks certain information which Plaintiff needs to arrange lodging.

5. On August 13, 2020, Plaintiff's counsel filed a Notice of Pendency pursuant to Local Rule 3.2(a), stating this matter is "not related to any pending or closed" civil actions in this District or any other "Federal or State Court" (i.e., certifying there are no "Related Cases" to the instant action). (Dkt # 4.)

6. On October 3, 2020, the Defendant filed a Motion to Dismiss ("Motion to Dismiss") due to Plaintiff's lack of standing in this matter pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Dkt # 15.) Plaintiff filed her Memorandum in Opposition to Defendant's Motion to Dismiss on October 20, 2020. (Dkt. #20.)

7. On November 3, 2020, Defendant replied to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss. (Dkt # 21.) On November 23, 2020, Plaintiff filed her Surreply Memorandum in Opposition to Defendant's Motion to Dismiss. (Dkt. #26.)

8. On December 16, 2020 following a Scheduling Conference with the Parties, the Court entered its Scheduling Order, which contains deadlines of June 1, 2021 for Discovery Cutoff and August 11, 2021, for a Pre-Trial Conference. (Dkt. #35.)

9. The Defendant now respectfully requests the Court stay all Scheduling Order deadlines in this matter, including conducting discovery and making Rule 26(a)(1) disclosures, for 90 days to allow the Court time to rule on Defendant's Motion to Dismiss.

10. For stays of discovery, Rule 26(c), authorizes the Court to issue "any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Because standing to sue "is a threshold question in every federal case," the Court must determine whether it has "the power…to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). If it does not, "engaging in discovery will be wasteful" and, instead, a "stay may be appropriate if resolution of a preliminary motion may dispose of the entire action. *Davidson v. Bank of America*, No. 14-cv-01578-CMA-KMT, Dkt.# 103 (D. Colo. September 16, 2015) (internal citations omitted). Additionally, "[c]ourts are more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issue." *PopSockets LLC v. Online King LLC*, No. 19-CV-01277-CMA-NYW, at *3 (D. Colo. Oct. 11, 2019) (granting a temporary stay of 90 days pending the resolution of Defendant's motion to dismiss.) Moreover, proceeding with discovery, pending resolution of Defendant's Motion to Dismiss due to Plaintiff's lack of standing in this matter, may be a waste of judicial resources. "…[a]ny inconvenience in rescheduling the docket is outweighed by the potential waste of judicial resources if discovery were to proceed in the absence of jurisdiction." *Wyers Prod. Grp. v. Cequent Performance Prod., Inc.*, No. 12-CV-02640-REB-KMT, 2013 WL 2466917, at *3 (D.Colo. June 7, 2013).

11. First, there is a reasonable probability Plaintiff's entire case will be dismissed due to her lack of standing – a threshold question for the Court which weighs in favor of staying discovery. See, e.g., *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *3 (D. Colo. Mar. 30, 2006) (staying discovery because, in part, defendants' motion to dismiss was based on jurisdictional issues and would not "unduly

prejudice either side."). On a national basis many of Laufer's cases, having nearly identical complaints to Laufer's Complaint in this instant action, have been dismissed because Laufer lacked standing to bring her claims (several of these cases have been cited in Defendant's briefing in this matter and several others were cited in other defendants' motions in this District (*see*, e.g., *Laufer v. Looper et al*, No. 20-cv-2475-NYW)).[1]

12. Second, on December 8, 2020, in a case filed in this District by Plaintiff having a nearly identical complaint, the court granted the defendant's motion to stay while it considers the defendant's motion to dismiss due to lack of standing and the defendant's motion to strike plaintiff's notice of pendency and to show cause. *Laufer v. Looper et al*, No. 20-cv-2475-NYW. (Dkt. #33.) The *Laufer v. Looper* court's determination as to Plaintiff's standing in that matter will likely affect and impact this instant action as well as the several other cases filed by the Plaintiff in this District.

13. Third, as argued in Defendant's Motion to Dismiss, the Court in this instant action (or the court in *Laufer v. Looper*) may determine Plaintiff's actions filed in this District are "Related Cases" for purposes of Local Rule 3.2(a), which may require submission of all of Plaintiff's cases filed in this District "for special assignment or reassignment under D.C.COLO.LCivR 40.1(a) or transfer under D.C.COLO.LCivR 40.1(d)(4)(B)."

---

[1]In Laufer's response to the defendant's motion to dismiss in *Laufer v. Looper*, Laufer herself cited cases having facts and legal arguments similar to this instant matter and were dismissed for lack of standing. *Laufer v. Looper et al*, No. 20-cv-2475-NYW. (Dkt #21-5 – *Judy v. Pingue*, No. 2:08-cv-859 (S.D.OH. Nov. 25, 2009) (finding plaintiff lacked standing to bring suit under Title III of the ADA because the proximity of his residence to defendant's location was over 800 miles away; the lack of past patronage made it unlikely he would return to the location for future patronage; and his "express desires" to visit defendant in the future were not credible); and Dkt #21-4 *Nat'l Alliance for Accessibility, Inc. v. Bhuna Corp.*, No. 1:11-cv-79 (W.D.N.C.Dec 30, 2011) (finding the same)).

14. Fourth, proceeding with discovery presents the Defendant with undue burden and expense while the Court determines if the Plaintiff has standing in this action. *See, e.g., String Cheese Incident*, 2006 WL 894955, at *2 (finding "that subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject [defendants] to undue burden or expense, particularly if the motion to dismiss is later granted."); and *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal citations omitted). Indeed, on December 8, 2020, the *Laufer v. Looper* court concluded "any interest Ms. Laufer has in proceeding expeditiously is outweighed by the potential burden on Defendants." *Laufer v. Looper et al*, No. 20-cv-2475-NYW. (Dkt. #33.) (staying discovery pending the court's standing inquiry).

15. Fifth, a court may stay discovery while it determines jurisdiction in order to ensure the efficient use of judicial resources. *Laufer v. Looper et al*, No. 20-cv-2475-NYW. (Dkt. #33.) (quoting *Wyers Prod. Grp. v. Cequent Performance Prod., Inc.*, No. 12-CV-02640-REB-KMT, 2013 WL 2466917, at *3 (D.Colo. June 7, 2013)).

16. Sixth, Plaintiff admitted in her Affidavit to her Motion to Dismiss Response that she will not be traveling to Colorado until "the Covid crisis is over and it is safe to travel." (Dkt. #20-1.) Because the nation's current pandemic is worsening, and much of Colorado, including the City and County of Denver where Defendant's property is located, is under a "Level Red" status, Plaintiff will not be traveling to Colorado to visit Defendant's property or any other property in Colorado anytime soon. Her cause of

5

action and request for relief thus do not require immediate attention via litigation; therefore, she will not be prejudiced by awaiting the Court's ruling on Defendant's pending Motion to Dismiss.

17. Finally, because of the nature of this matter and anticipated discovery to be conducted, the Parties should reasonably be able to meet the Court's June 1, 2021, Discovery Cutoff and August 11, 2021 Pre-Trial Conference deadlines even with a 90 day stay.

18. Therefore, Defendant respectfully requests the Court stay all Scheduling Order deadlines in this matter, including conducting discovery activities and making Rule 26(a)(1) disclosures, for 90 days due to Defendant's pending Motion to Dismiss because:

    a. there is a reasonable probability Plaintiff lacks standing;

    b. the *Laufer v. Looper* court recently stayed that matter's scheduling order deadlines while it considers the defendant's motion to dismiss due to plaintiff Laufer's lack of standing and defendant's motion to strike plaintiff's notice of pendency and to show cause;

    c. the Court's determination regarding Plaintiff's standing may affect dozens of other cases in this District;

    d. the *Laufer v. Looper* court's determination as to Plaintiff's standing in that matter will likely affect and impact this instant action as well as Plaintiff's other cases filed by Plaintiff in this District.

e. the Court's determination regarding "Related Cases" under Local Rule 3.2 may cause special assignment or reassignment of this matter and Plaintiff's other cases in this District;

f. the *Laufer v. Looper* court's determination regarding "Related Cases" under Local Rule 3.2 may cause special assignment or reassignment of this matter and Plaintiff's other cases in this District;

g. the Parties should avoid costly litigation while awaiting a ruling which may dismiss this case in its entirety;

h. the Court's determination -- prior to the parties engaging in discovery -- regarding Plaintiff's standing in this instant action may prevent waste of judicial resources;

i. time is not of the essence because Plaintiff, by her own admission, will not require lodging in Colorado until after the nation's pandemic is over; and

j. neither party will be prejudiced by holding off on costly litigation until the Court's ruling.

19. If the Court stays this matter in accordance with the instant motion, Defendant will confer with Plaintiff regarding plan for answering discovery, setting depositions, and other Scheduling Order deadlines to ensure the Parties are prepared to move forward with litigation immediately after the Court's ruling if the case is not dismissed or reassigned.

20. Further, Defendant's counsel will provide an update to the Court shortly after the Court's ruling on the pending Motion to Dismiss regarding the Scheduling Order deadlines and file an amended proposed Scheduling Order if needed.

21. Defendant's counsel will also continue to explore settlement options with opposing counsel during the pendency of this matter.

22. For these reasons, the parties request the Court stay all Scheduling Order deadlines, including conducting discovery activities and making Rule 26(a)(1) disclosures, for 90 days to allow the Court to rule on Defendant's Motion to Dismiss.

23. This Motion is not for any improper purpose and will not prejudice any party.

Dated at Denver, Colorado, this 30th day of December, 2020.

Respectfully submitted,

s/ Steven Gilman
**Steven Gilman, Esq.**
Atlas Law LLC
PO Box 3077
Denver, Colorado 80201
Phone: (303) 619-7276
E-mail: steve@atlaslaw5280.com
Attorney for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

   S.Moore@SMooreLaw.com
   Eservice@SMooreLaw.com

                                        s/ Steven Gilman
                                        **Steven Gilman, Esq.**
                                        Atlas Law LLC
                                        PO Box 3077
                                        Denver, Colorado 80201
                                        Phone: (303) 619-7276
                                        E-mail: steve@atlaslaw5280.com
                                        Attorney for Defendant